**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| ANTONY KEVIN POINDEXTER § | |
| § | |
| v. § | |
| § | Case No. 2:19-cv-0293-RSP |
| COMMISSIONER, SOCIAL § | |
| SECURITY ADMINISTRATION | |

**MEMORANDUM ORDER**

On October 29, 2018, Administrative Law Judge John Antonowicz issued a decision finding that Petitioner Antony Kevin Poindexter was not disabled within the meaning of the Social Security Act before July 25, 2018, but became disabled on that date when he turned 55 and became subject to different regulations. Mr. Poindexter, who was 55 with a ninth grade education at that time, was found to be suffering from severe impairments consisting of schizoaffective disorder, stuttering, degenerative disc disease, degenerative joint disease, and obesity. These impairments resulted in restrictions on his ability to work, and he had not engaged in any substantial gainful activity since at least August 5, 2016. Before that time, he had been on Supplemental Security Income (SSI) since about 1995, except for stints in prison from about 1997 to 2003 and 2008 to 2016. Tr. 34-36. He filed this application upon release from prison seeking SSI benefits.

After reviewing the medical records and receiving the testimony at the August 20, 2018 video hearing where Petitioner was represented by his counsel, Gregory R. Giles, the ALJ determined that Petitioner had the residual functional capacity (RFC) to perform light work, as defined in the Social Security Regulations, except that he can only occasionally stoop, crouch, crawl, and kneel. He cannot climb ladders, ropes or scaffolds but can occasionally climb stairs

1

and ramps.  He is unable to balance on narrow or moving surfaces but can balance occasionally on level surfaces.  He cannot work in proximity to unprotected heights and dangerous moving machinery.  He can operate foot controls occasionally, and can understand, remember, and carry out short simple instructions.  He can perform simple, routine tasks with no fast paced high quota production work.  He can make only simple work-related decisions and adapt to few if any workplace changes.  He can tolerate only occasional interaction with co-workers, supervisors, and the general public.  He is unable to perform jobs requiring frequent telephone communication.

Considering Petitioner's RFC, the ALJ relied upon the testimony of Vocational Expert Ivory Youngblood and found that Petitioner had the residual functional capacity to perform jobs that exist in substantial numbers in the national economy, such as cleaner/polisher, sorter, and housekeeper.  This resulted in a finding of no disability.  Petitioner appealed this finding to the Appeals Council, which denied review on July 29, 2019.  Petitioner timely filed this action for judicial review seeking remand of the case for award of benefits.

This Court's review is limited to a determination of whether the Commissioner's final decision is supported by substantial evidence on the record as a whole and whether the Commissioner applied the proper legal standards in evaluating the evidence. See  *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir.1995); *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir.1994), *cert. denied*, 514 U.S. 1120, 115 S.Ct. 1984, 131 L.Ed.2d 871 (1995). Substantial evidence is more than a scintilla, but can be less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir.1995). A finding of no substantial evidence will be made only where there is a "conspicuous absence of credible choices" or "no contrary medical evidence." *Abshire v. Bowen*, 848 F.2d 638,

640 (5th Cir.1988) (citing *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir.1983)). In reviewing the substantiality of the evidence, a court must consider the record as a whole and "must take into account whatever in the record fairly detracts from its weight." *Singletary v. Bowen,* 798 F.2d 818, 823 (5th Cir.1986).

Plaintiff raises three issues on this appeal:

1. The ALJ failed to address Listing 12.03 and 12.06 and therefore his assessment of Plaintiff's mental B criteria is not supported by the substantial evidence of record;

2. The ALJ's finding that Plaintiff could perform light work on the date of his application is not supported by substantial evidence

3. The ALJ erred in failing to submit a complete hypothetical to the vocational expert.

*Issue No. 1*:

The Social Security Administration has developed a lengthy list of impairments that it considers serious enough to prevent a person from performing any gainful activity. This Listing of Impairments ("Listings") appears at 20 C.F.R. Part 404, Subpart P, Appendix 1. When a claimant's impairments match an impairment on the list, the claimant is automatically entitled to disability benefits. *Sullivan v. Zebley*, 493 U.S. 521, 531, 110 S.Ct. 885, 889 (1990). The criteria for the Listings are "demanding and stringent." *Falco v. Shalala*, 27 F.3d 160, 162 (5th Cir. 1994). As the Supreme Court has noted, "for a claimant to show that his impairment matches a listing, it must meet *all* of the specified medical criteria. An impairment that manifests only some of those criteria, no matter how severely, does not qualify." *Sullivan*, *supra* at 891 (emphasis in original).

The ALJ found that Petitioner did not meet the requirements for Listing 12.04 for depressive, bipolar and related disorders. Petitioner does not challenge this finding, but argues

3

that he meets Listing 12.03 for schizophrenia spectrum, and Listing 12.06 for anxiety. Because the ALJ failed to consider these listings in his decision, Petitioner seeks a remand.

The Commissioner concedes that the ALJ did not consider Listings 12.03 and 12.06 but argues that "the crucial factors applicable to each listing are the same as those the ALJ discussed when he analyzed Listing 12.04." Thus, the central issue raised is whether the ALJ properly considered the evidence in the record concerning whether Petitioner meets or equals the requirements of these listings. 20 C.F.R. pt. 404, subpt. P, appx. 1, §§12.03, 12.06.[1]

Each of the two Listings requires that a claimant satisfy Paragraph A and either Paragraph B or C. Because the ALJ did not consider the evidence concerning the different Paragraph A of each Listing, the Commissioner concedes that Paragraph A should be deemed met for purposes of this appeal. The Court will proceed in that fashion. Paragraph B of Listings 12.03 and 12.06 is the same as Paragraph B of Listing 12.04, which the ALJ did consider.

To meet Paragraph B, a claimant must have documentation of an "extreme" limitation in one area or a "marked" limitation in two areas of the following four areas of mental functioning: (1) understand, remember or apply information; (2) interact with others; (3) concentrate, persist or maintain pace; and (4) adapt or manage oneself. The regulations define five levels of these limitations of functioning: none, mild ("slightly limited"), moderate ("fair" level of functioning), marked ("seriously" limited functioning), and extreme ("no ability to independently function").

The Paragraph C criteria are an alternative to meeting Paragraph B. Paragraph C requires that the mental disorder be "serious and persistent" with a medically documented history over a

---

[1] As the Commissioner points out in Brief (Dkt. No. 12 at 9, fn.1), Petitioner references an earlier set of regulations. The Court will rely on the regulations applicable to claims pending on or after January 17, 2017.

period of at least 2 years.  There must be evidence of both:  (1)  reliance, on an ongoing basis, upon medical treatment, mental health therapy, psychosocial support(s), or a highly structured setting(s), to diminish the symptoms and signs of the mental disorder, and (2) only marginal adjustment, that is, a minimal capacity to adapt to changes in environment or to demands that are not already part of  daily life.  Petitioner focuses on the Paragraph B criteria and does not attempt to carry his burden as to Paragraph C.

Petitioner contends he has a marked limitation in the first three Paragraph B categories and an extreme limitation in the last category.  The ALJ found only moderate limitations in all four categories, and provided a detailed review of the record findings supporting each category.  Tr. 15.  The ALJ also had a consultative psychological examiner, Dr. David Grant, Ph.D., who made many findings that supported the ALJ: cooperative behavior, denial of hallucinations or paranoia, easy rapport, good eye contact, unremarkable thought patterns, appropriate mood and affect, adequate memory, adequate concentration and persistence, good judgment, effective communication, ability to care for himself, and ability to follow instructions.  Tr. 448-453.  The primary negative findings were that Petitioner feels depressed, but not suicidal, daily; that he can't manage his own finances, and would be "not likely … to respond appropriately to work pressure in a work setting."  Tr. 453.

While there are many negative findings scattered across the thousand pages of records here, as Petitioner demonstrates in his Brief, those are findings for the ALJ to weigh.  There is substantial evidence supporting the ALJ's findings as to all four categories under Paragraph B, which are the same for all three Listings at issue here.

*Issue No. 2:*

Petitioner's argument on this issue is that the ALJ's residual functional capacity determination fails to take into account the effects of his obesity and his back and knee pain. The record certainly contains many different notations as to Petitioner's obesity, but the ALJ was certainly entitled to accept Petitioner's own sworn testimony at the hearing that he is 6'1" tall and weighs 262 lbs., which computes to a BMI of 34.6. Tr. 37. This is far from the BMI of 41.3 that Petitioner relies upon in Brief and cited in his application for benefits. In any event, it appears from the record that the ALJ gave adequate consideration to the effects of obesity.

A consultative physical examination was obtained on January 7, 2017 specifically to evaluate Petitioner's back and knee problems. Tr. 455. Dr. Tarik Madni, M.D. performed a very thorough examination, noted tenderness but no swelling of the low back and left knee; no range of motion deficits but a "decent amount of pain upon lumbar spine flexion." Tr. 460. Petitioner did not bring or need a cane. Dr. Madni found that Petitioner could sit normally in an 8-hour workday, had "mild limitations with standing and moderate limitations with walking." *Id.* All in all, the record provides substantial evidence to support the ALJ's modified light work RFC.

*Issue No. 3:*

The final issue argues that the ALJ presented an incomplete hypothetical question to the vocational expert because he omitted limitations that Petitioner argues are necessary to accommodate the back and knee problems, especially in light of Petitioner's obesity. Since the Court has found that the ALJ's RFC determination finds adequate support in the record, this issue must fail.

*Conclusion:*

Having found that the ALJ's decision is supported by substantial evidence in the record, the decision is AFFIRMED and this action is DISMISSED.

**SIGNED this 5th day of April, 2021.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE